# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————————

№ 26-CV-01007 (RER)

————————————————

IVAN RAMOS ESPINOZA

VERSUS

RAUL MALDONADO, JR., KENNETH GENALO, KHALILA TAYLOR, SIRCE OWEN,
KRISTI NOEM, AND PAMELA BONDI

————————————

**MEMORANDUM & ORDER**

————————————

**RAMÓN E. REYES, JR., District Judge:**

Petitioner Ivan Ramos Espinoza has been detained by U.S. Immigration and Customs Enforcement ("ICE") since June 16, 2025. He petitioned the Court for a writ of habeas corpus, requesting immediate release if Respondents did not provide him with a renewed burden-shifted bond hearing within ten days. The parties stipulated to a bond hearing before an Immigration Judge within fourteen days, which the Court so-ordered. More than twenty days later, he remained in detention without a renewed bond hearing. Respondents finally scheduled the bond hearing for March 31, 2026. Petitioner contends the bond hearing was constitutionally inadequate and did not comply with the Court's Order. He brings a motion to enforce judgment.

After carefully reviewing the record, and for the reasons set forth herein, the Court GRANTS Petitioner's motion.

## BACKGROUND

Petitioner Ivan Ramos Espinoza ("Ramos Espinoza" or "Petitioner") is a Mexican citizen and father of two United States citizen children who has lived and worked in the United States since 2006. (ECF No 9 ("Pet.") ¶ 1). He filed a petition for writ of habeas corpus on February 20, 2026, (ECF No. 1), which he amended on March 2, 2026, challenging his ongoing detention since June 16, 2025 (Pet. ¶ 2). Ramos Espinoza sought immediate release unless Respondents afforded him a bond hearing in which ICE would bear the burden of proof of dangerousness or flight risk by clear and convincing evidence to justify continued detention. (*Id.* at 27). On March 6, 2026, the parties stipulated to dismissal and a burden-shifted bond hearing within fourteen days, and the court dismissed the case. (ECF Nos. 11, 12 ("March 6 Order")). The Court required the immigration judge ("IJ") to consider alternatives to detention and Petitioner's ability to pay when making any determination on Ramos Espinoza's bond, and retained jurisdiction to ensure compliance or, absent compliance, grant relief. (March 6 Order at 2). [1] Respondents failed to hold a bond hearing within fourteen days, prompting Petitioner to request enforcement of the stipulation. (ECF No. 13). The Court ordered Respondents to show cause why they should not be held in contempt for violating the Court's March 6, 2026, Order, and scheduled a hearing for April 1, 2026. (ECF No. 14). Respondents then conducted a bond hearing on March 31, 2026. (*See* ECF No. 18).

At the March 31, 2026, bond hearing, both Respondents and Petitioner submitted evidence to the IJ. (*See generally* ECF No. 22-3 ("Hr'g Tr.")). Respondents submitted

---

[1] All record citations correspond with ECF pagination.

evidence of Ramos Espinoza's state conviction for driving while intoxicated, records of his unlawful entry into the U.S., and a denial of his 42B application for cancellation of removal ("42B application"), an appeal of which is pending before the Board of Immigration Appeals ("BIA"). (*Id.*) Ramos Espinoza submitted evidence of his: twenty-year residence on Long Island, stable employment, his United States citizen children's hardship, compliance with probation in relation to his conviction, tax filings, fixed address, and willingness to comply with any number of alternatives to detention from his proffered list. (*Id.*) The IJ elicited testimony from Petitioner that he "would do anything [he] could to stay [in the U.S.] with his family." (*Id.* at 22, ¶¶ 16–20). Neither Respondents nor the IJ elicited testimony on alternatives to detention or monetary bond. (*See generally id.*).

The IJ determined that Respondents had not met their burden to demonstrate dangerousness. (*Id.* at 35, ¶¶ 16–21). However, the IJ expressed a "firm conviction that [Petitioner] would not show up for his removal if he was ordered removed from the United State" because Ramos Espinoza faced a "difficult burden" in appealing his 42B application denial, because his family's situation was "grim," and because he "would do anything he could . . . to remain with his family," and was therefore a flight risk. (*Id.* at 35, ¶¶ 21–25; 36, ¶¶ 1–8; 38, ¶¶ 3–4). The IJ also concluded, without providing any reasoning, that the proposed alternatives to detention were insufficient. (*Id.* at 36, ¶¶ 10–12; 38, ¶¶ 4–5).

Petitioner moves to enforce the Court's March 6 Order, arguing that the March 31, 2026, bond hearing was constitutionally deficient and did not comply with the Order. (ECF No. 22). He requests release on recognizance or on reasonable conditions, or for the Court to hold a renewed bond hearing. (ECF No.22-1 (Mem.") at 6, 35). Respondents

initially failed to respond to Petitioner's motion by the deadline. (*See* Order dated 5/21/2026). Petitioner replied in further support of his motion (ECF No. 24 ("Reply")), Respondent's opposed (ECF No. 26 ("Opp'n")),[2] and Petitioner filed a sur reply (ECF No. 27 ("Sur Reply")).

## LEGAL STANDARD

"As a general rule, once a federal court has entered judgment, it has ancillary jurisdiction over subsequent proceedings necessary to vindicate its authority, and effectuate its decrees ... including to enforce the judgment." *R.R.M.C. v. Decker*, No. 22 Civ. 2952 (LGS), 2022 WL 4639674, at *3 (S.D.N.Y. Sept. 30, 2022) (citation modified) (citing *Dulce v. Dulce*, 233 F.3d 143, 146 (2d Cir. 2000)). In the immigration context, a district court's review of such a motion is narrow, determining only whether government respondents complied with the court order, but not reviewing the hearing evidence de novo. *Id.* (citation omitted). This is because 8 U.S.C. § 1226(e) divests district courts of jurisdiction to review IJ and BIA discretionary decisions regarding detention and bond determinations. *Demore v. Kim*, 538 U.S. 510, 516-17 (2003). However, it does not "limit habeas jurisdiction over constitutional claims or questions of law." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (discussing the scope of a federal court's jurisdiction under 28 U.S.C. § 2241).

---

[2] After Respondents' initial failure to respond by May 18, 2026, the Court adjourned the deadline to May 26, 2026, and invited Petitioner's sur reply. (Orders dated 5/12/2026 and 5/21/2026). On May 27, 2026, Respondents filed a "second" motion for extension (though there was never a first) along with their response, and the Court granted the extension *nunc pro tunc*. (*See* ECF Nos. 25, 26; Order dated 5/30/2026).

**DISCUSSION**

Ramos Espinoza argues that the March 31, 2026, bond hearing was constitutionally inadequate because the IJ did not shift the "clear and convincing evidence" burden to Respondents, the evidence did not support a finding of flight risk under that burden, and the IJ did not meaningfully consider alternatives to detention. (Mem. at 15–16). Respondents argue that, as a threshold matter, the IJ's determinations were discretionary and therefore unreviewable by the Court. (Opp'n at 4). And even if they were reviewable, Respondents contend the IJ complied with the Court's Order, applying the proper evidentiary standard to all matters in the hearing. (*Id.*) The Court disagrees. Notably, Respondents do not address what is perhaps the most pivotal facet of Petitioner's motion: whether alternatives to detention were meaningfully considered. (*See* Sur Reply at 10–11). It is on this argument that Petitioner most clearly prevails, and the Court also acknowledges deficiencies in applying the clear and convincing standard.

Respondents are correct that a petitioner may not cast a disagreement over a discretionary decision as "one of constitutional dimension." *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008) ("[A] petitioner cannot use the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion.") (citation modified) (citing *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 330 (2d Cir. 2006)). However, "a discretionary decision . . . made without rational justification or based on a legally erroneous standard," may constitute such a question. *Id.*; *G.F.F. v. Francis*, No. 25-CV-7368 (JGK), 2026 WL 924072, at *3 (S.D.N.Y. Apr. 4, 2026) ("Whether the IJ failed to apply the correct legal standard and to hold the government to its burden of proof is a question of law that this

Court may review de novo"). Because Ramos Espinoza raises such a question, the Court has jurisdiction to review the IJ's decision. Further, the parties "agree that the Court retains jurisdiction over this matter to ensure compliance with [the Order] and, should the Court determine that [the Order] has not been complied with, also retains jurisdiction to grant Petitioner the relief he sought." (March 6 Order at 2); *see also G.F.F.*, 2026 WL 924072, at *3 (retaining jurisdiction on the same two grounds over a motion to enforce a constitutionally adequate bond hearing).

The March 6 Order explicitly instructed the IJ to consider alternatives to detention. This is because once an IJ determines that a petitioner is not a danger to persons or property, "refusing to consider ability to pay and alternative means of assuring appearance creates a serious risk that the noncitizen will erroneously be deprived of the right to liberty purely for financial reasons." *Black v. Decker*, 103 F.4th 133, 158 (2d Cir. 2024). Despite this instruction, the hearing transcript is devoid of such consideration, even though the IJ determined that Ramos Espinoza was not a danger to anyone. (Hr'g Tr. 35, 16–18). Petitioner is correct that the Court may deem Respondents' silence on this issue as concession. (Sur Reply at 10–11); see *Northwell Health Inc. v. Premera Blue Cross*, No. 23-CV-389 (JS) (ST), 2026 WL 1080219, at *11 (E.D.N.Y. Feb. 27, 2026) ("A party concedes through silence arguments made by its opponent that it fails to address."). Even without such concession, the absence of meaningful consideration forms the crux of the Court's analysis in granting Ramos Espinoza's motion.

Respondents' sole references to alternative measures during the hearing were: (1) incorrectly stating that Ramos Espinoza has a final order of removal (he does not),[3] and therefore "not even alternatives to detention would be suitable for this individual" and (2) arguing that "no bond amount will ensure that this individual . . . will return to Court voluntarily and freely." (Hr'g Tr. 35, ¶¶ 10–14). The IJ then agreed with Respondents in a conclusory manner stating to Petitioner's counsel, "I'm looking at the alternatives you listed, Counsel, but, you know, I don't think they're sufficient." (*Id.* 36, ¶¶ 10–11). That is the extent of the analysis, nothing more; no "mention [of] any specific alternatives" or "expla[nation] of why any are insufficient to serve the government's interest." *R.R.M.C.*, 2022 WL 4639674, at *5. Such a deficiency resulted in a failure to comply with due process and the Court's March 6 Order. *See e.g.*, *id.* (granting in part a motion to enforce because, among other reasons, "nothing in the record reflects that the IJ meaningfully considered any of the alternatives Petitioner offered"); *Fernandez Aguirre v. Barr*, No. 19 Civ. 7048 (VEC), 2019 WL 4511933, at *5 (S.D.N.Y. Sept. 18, 2019) (granting habeas after a deficient bond hearing in which the IJ failed to consider alternatives to detention); *G.F.F.*, 2026 WL 924072, at *3 (granting in part a motion to enforce because "the IJ dismissed as ineffective in cursory fashion" any proposed alternatives to detention); *Quituizaca v. Barr*, No. 20-CV-403 (LJV), 2021 WL 6797494, at *6 (W.D.N.Y. Jan. 5,

---

[3] At the hearing, Respondents consistently referred to a non-existent "final" order of removal—a total of seven times—as "a critical factor in accessing [sic] flight risk." ( Hr'g Tr. 31 ¶¶ 22–23; *see also* 30, ¶¶ 24 – 25; 31, ¶¶ 3–4, 13–17, 21–24; 32 ¶ 3; 35 ¶¶ 9–11). Although Petitioner's counsel corrected this, explaining that Ramos Espinoza has appealed his Nov. 1, 2025, removal order and it is therefore not final (*see id.* at 33 ¶¶ 14–15), the IJ also cited a "final order of removal" in his oral decision on the record, then vaguely corrected himself, referencing "not the final order, but he has this order" (*id.* at 35, ¶¶ 23–24; 36 ¶ 1).

2021) (granting a motion to enforce partly because the IJ "failed to meaningfully consider any plausible, less-restrictive alternative to continued detention as required by [the court's] prior order").

While the Court would likely have come to a different conclusion on the determination of flight risk, Respondents accurately maintain that is not the Court's role here (Opp'n at 6). *See Demore*, 538 U.S. at 516-17 (2003). Nevertheless, "'[c]lear and convincing evidence' means something more than 'preponderance of the evidence,' and something less than 'beyond a reasonable doubt.'" *Jimenez v. Stanford*, 96 F.4th 164, 190 (2d Cir. 2024) (citation modified) (citation omitted). The Court registers its skepticism that Respondents were held to a clear and convincing evidentiary standard.

First, as explained *supra* n.3, Respondents proffered Ramos Espinoza's removal order—which is pending appeal—as evidence, characterizing it as a "final removal order" and therefore "a critical factor in accessing [sic] flight risk." (Hr'g Tr. 31, ¶¶ 22–23). Weighing a "final removal order" when one does not exist is not discretionary, but erroneous. The IJ's minor last-minute correction to "this order" does not invite confidence. (*Id.* at 36, ¶ 1). Respondents also relied on Ramos Espinoza's status alone as having entered the U.S. without inspection. If mere status justified detention, a discretionary bond hearing would be rendered meaningless, as a per se rule is the very antithesis of an individual determination. *See Am. Dredging Co. v. Miller*, 510 U.S. 443, 455 (1994) (contrasting per se rules with analyses where "each case turn on its facts"); *see also Inestroza Carbajal v. Frazier*, No. 26-CV-2778 (SJB), 2026 WL 1309265 at *4 (E.D.N.Y. May 12, 2026) (explaining that in the context of an initial bond determination, where

petitioner bears the burden, "mere lack of status does not present a per se risk of flight.") (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61, 89 (2d Cir. 2026)).

The IJ then articulated that the high standard of appeal on Ramos Espinoza's removal order, and his dedication to remain with his family, led to a "firm conviction" that he is a flight risk. (Hr'g Tr. at 35, ¶¶ 21–25; 36, ¶¶ 1–8; 38, ¶¶ 3–4). Without being too cynical, the Court finds it constitutionally paradoxical at best to penalize Petitioner for utilizing the very appeal mechanism the BIA provides to contest his removal order. To then count his strong U.S. family ties as justification for why he would not attend a speculative future removal hearing, as opposed to those connections being the very reason he *would* attend any future proceedings seemingly contravenes even BIA case law. *See In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (including a noncitizens family ties in the U.S. as one of the factors to consider in in determining whether a petitioner merits release from bond); *see also L.G.M. v. LaRocco*, No. 25-CV-2631 (PKC), 2025 WL 2173577, at *8 (E.D.N.Y. July 31, 2025) (determining family ties as a factor weighing against flight risk). The IJ's conclusion better comports with a "preponderance of the evidence" standard. *Schwartz v. Qazi*, No. 24-CV-00911 (JMW), 2026 WL 63323, at *2 (E.D.N.Y. Jan. 8, 2026) ("Establishing a fact by a preponderance of the evidence means that it must be proven 'more likely true than not true.'") (citation omitted).

Notwithstanding the Court's questioning of the standard applied, the mere lack of consideration of alternatives to detention merits a grant of Ramos Espinoza's motion to enforce the March 6 Order. As Respondents failed to comply with the Order, and the Court maintained authority to grant the relief sought in the event of such noncompliance, Respondents shall release Ramos Espinoza immediately without conditions.

## **CONCLUSION**

For the reasons set forth above, the Court grants Petitioner's motion to enforce judgment (ECF No. 22) and orders his immediate release without conditions. Respondent shall file a letter confirming his release as soon as possible, but no later than **4:00 P.M. on June 8, 2026**.

Once the notice of release is received by the Court, the Clerk of Court is respectfully directed to enter final judgment and close the case.

SO ORDERED.


/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: June 5, 2026
       Brooklyn, New York